Dkake, Cli. J.,
delivered tbe opinion of the court:
This is an action to recover the proceeds of twenty bales of upland cotton, and tbe facts of the case are as follows:
In July, 1863, at Charleston, South Carolina, the claimant purchased, one hundred and twenty-six bales of cotton, in which one George I. Cunningham had a one-third interest, he having furnished one-third of the money to purchase the samo; and it was agreed between the claimant and said Cunningham that the cotton should be kept, undivided, for sale at the end of the war, and should remain under claimant’s control.
Some time iu 186-1 the claimant was compelled to escape from the rebel confederacy, when he left the cotton in the charge and under the sole and complete control of said Cunningham.
About the 1st of January, I860, the rebel military authorities, supposing the cotton to be the claimant’s, and sending some notice to said Cunningham about it, the said Cunningham made an arrangement with one John S.Byan, a commissary with the rank of major in the rebel army, by which he agreed that said Byan should have twenty bales of the cotton if he would save the whole quantity from being destroyed or confiscated.
Cunningham then reported the one hundred and twenty-six bales to a rebel officer, and claimed to be the sole owner thereof; and Byan made oath that he believed Cunningham’s statement tobe just and true; and thereupon the officer certified that, on investigation, he was of the opinion that the cotton was the property of Cunningham, and not liable to seizure; and the same wras not seized.
Shortly after these occurrences, and before the capture of Charleston, twenty bales of the cotton were delivered by Cunningham to Byan.
This arrangement with Byan was agreed upon and carried *512 into effect while Ooogan was absent, and was unknown to him till after the capture of Charleston, in February, 1865, by the military forces of the United States, and was made without authority from him.'
The claimant, assuming that the proceeds of these twentj' bales have gone into the Treasury of the United States, sues therefor in this action, upon the ground that his title to the cotton was not divested by the transaction between Cunningham and Eyan.
This is a question not determinable here in this proceeding. Neither Cunningham nor Eyan is, or can be made, a party to this suit, and unless they are so, their rights in the lire mises cannot be definitively settled.
But, aside from this, we are of the opinion that when Cunningham, a joint owner of the property, was left in complete control of it, and it was in danger of confiscation or destruction by the rebel authorities, and by incurring expense equal to about one-sixth of the whole he could save the whole, it was his legal right, as a joint owner, to incur that expense. That he paid the expense by giving a part of the cotton, does not change the character of the transaction; it was still a payment for services by which the whole quantity was saved, and which, inured to the benefit of the claimant as well as that of Cunningham.
But it is claimed that the transaction was unlawful, and therefoi’e void. We know of no law of the United States which would give it that character; and this court is certainly not constituted to declare contracts void because against the laws,, civil or military, of the rebel confederacy.
The claimant’s petition is dismissed.